UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>   v.<br><br>MICHAEL KINZEL,<br><br>                  Defendant. | CASE NO. 2:22-cr-00187-LK<br><br>ORDER GRANTING MOTION TO DISMISS THIRD-PARTY CLAIMS AND MOTION FOR SCHEDULING ORDER TO GOVERN THIRD-PARTY CLAIM |

      This matter comes before the Court on the Government's motion to dismiss the claims of third-party claimant Andre'a Gonzales as to four subject firearms preliminarily forfeited in this case. Dkt. No. 84; *see also* Dkt. No. 64 (preliminary order of forfeiture); Dkt. No. 78 (Ms. Gonzales' initial claim); Dkt. No. 81 (Ms. Gonzales' amended claim). Also before the Court is the Government's motion for a scheduling order to govern ancillary proceedings arising from Ms. Gonzales' claim to a fifth preliminarily forfeited firearm. Dkt. No. 86. Neither Ms. Gonzales nor Defendant Michael Kinzel has responded to the Government's motions.

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY CLAIMS AND MOTION FOR SCHEDULING ORDER TO GOVERN THIRD-PARTY CLAIM - 1

I.      BACKGROUND

On February 7, 2024, the Court entered a preliminary order of forfeiture as to various subject property seized on October 25, 2022 and related to criminal charges brought against Mr. Kinzel, including the five firearms at issue here. Dkt. No. 64.[1] On March 14, 2024, the Government submitted a declaration of publication attesting that it published a notice of forfeiture informing any third parties claiming an interest in the preliminarily forfeited property that they were required to file a petition with the Court within 60 days of the notice's first publication on February 14, 2024. *See generally* Dkt. No. 67. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A), the Government also sent notice and a copy of the preliminary order to 10 individuals—including Ms. Gonzales—who, based on the underlying investigative material, it viewed as potential claimants to the forfeited property. *See* Dkt. No. 85 at 2–4, 30–37.

Ms. Gonzales' initial petition was dated and received on May 22, 2024. Dkt. No. 78 at 1. She stated that she was petitioning to "reclaim property that ha[d] been seized on October 25th[,] 2022," but did not specify what property she sought to reclaim or sign her petition under penalty of perjury. *Id.*[2] Rather than move to dismiss Ms. Gonzales' deficient petition, the Government reached out to her and suggested that she file an amended petition. Dkt. No. 81 at 1, 8. Thereafter, Ms. Gonzales emailed an amended claim to the Government, asserting an interest in five firearms:

1. One Heckler and Koch P30L .40 caliber pistol, bearing serial number 221-003199;

2. One Glock GMBH model 27, .40 caliber pistol, bearing serial number EUK370US;

3. One Glock 42, .380 caliber pistol, bearing serial number AFAC037;

---

[1] On April 25, 2024, the Court sentenced Mr. Kinzel, ordered the forfeiture of his interest in the preliminarily forfeited property, and incorporated the preliminary order of forfeiture in the Judgment. Dkt. No. 76.

[2] In light of these deficiencies, the Court ordered Ms. Gonzales to show cause why the Court should not deny her petition. Dkt. No. 79. However, the Court subsequently vacated that order following the Government's filing of the notice of receipt of Ms. Gonzales' amended third-party claim. Dkt. Nos. 81, 83.

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY CLAIMS AND MOTION FOR SCHEDULING ORDER TO GOVERN THIRD-PARTY CLAIM - 2

4. One Keltec CNC Industries Inc. model KSG, 12 caliber shotgun, bearing serial number XXB05; and

5. One Ruger LCP II .22 caliber pistol, bearing serial number 380807343.

*Id.* at 5, 14; *see also* Dkt. No. 87 at 1–2.

## II.   DISCUSSION

### A.   The Government's Motion to Dismiss is Granted

The Government cites two reasons the Court should dismiss Ms. Gonzales' claim to the first four firearms identified above. First, she has failed to satisfy the technical requirements of 21 U.S.C. § 853(n)(3). Dkt. No. 84 at 5–7. And second, she has failed to allege facts sufficient to satisfy 21 U.S.C. § 853(n)(6). *Id.* at 7–9. Because the Court grants the motion on the basis that Ms. Gonzales has failed to satisfy Section 853(n)(3), the Court need not address the Government's arguments under Section 853(n)(6).

Petitions in criminal ancillary proceedings are governed by 21 U.S.C. § 853(n). Under Section 853(n), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2). The "technical requirements" for lodging such a petition state that the petition (1) must "be signed by the petitioner under penalty of perjury," and (2) must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3). Once a petition is filed, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," Fed. R. Crim. P. 32.2(c)(1)(A), including a petitioner's failure to comply with the requirements in Section 853(n), *United States v. Welch*, No. 2:20-CR-00052-DCN, 2023 WL

4744789, at *5 (D. Idaho July 24, 2023), *reconsideration denied*, 2023 WL 7020377 (D. Idaho Oct. 25, 2023).

Here, while Ms. Gonzales' amended petition is signed under the penalty of perjury, Dkt. No. 81 at 14, she fails to identify "the time and circumstances of [her] acquisition of the right, title, or interest," in the following four firearms, or to set forth "additional facts supporting [her] claim" to them:

1. One Heckler and Koch P30L .40 caliber pistol, bearing serial number 221-003199;
2. One Glock GMBH model 27, .40 caliber pistol, bearing serial number EUK370US;
3. One Glock 42, .380 caliber pistol, bearing serial number AFAC037; and
4. One Keltec CNC Industries Inc. model KSG, 12 caliber shotgun, bearing serial number XXB05.

*See id.* (stating that she "would also like to try to retrieve the [four subject firearms] even though [she] ha[s] no[t] been able to register them to [herself] yet and were purchased 3rd party"). Ms. Gonzales' amended petition likewise does not sufficiently allege any right, title, or interest in the four subject firearms. *See id*.

Accordingly, with respect to these firearms, she has failed to satisfy the requirements of 21 U.S.C. § 853(n)(2). The Court therefore ORDERS that:

1. The Government's motion, Dkt. No. 84, is GRANTED;
2. Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), and Federal Rule of Civil Procedure 12(b), the Court DISMISSES the original claim filed by Andre'a Gonzales, Dkt. No. 78, as well as her amended claim as to the four subject firearms, Dkt. No. 81 at 14;
3. If Ms. Gonzales chooses to do so, she may submit a second amended petition as to the four subject firearms within 21 days of the date of this Order, *see, e.g.*, *United States v.*

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY CLAIMS AND MOTION FOR SCHEDULING ORDER TO GOVERN THIRD-PARTY CLAIM - 4

*Sarabia-Ramirez*, No. 1:14-CR-00226-DAD-BAM, 2019 WL 1493338, at *2 (E.D. Cal. Apr. 4, 2019); and

4. This Order shall not affect the rights of any other third party who may file a petition in this ancillary proceeding asserting an interest in property preliminarily forfeited in this matter.

**B.      Motion for Scheduling Order Granted**

Courts may permit discovery and entertain motions related to a third-party claim pursuant to Federal Rule of Criminal Procedure 32.2(c)(1). To the extent an evidentiary hearing on a third-party claim is required, courts conduct those hearings pursuant to 21 U.S.C. § 853(n)(2) and (4)–(6). In this case, the Government requests that the Court issue a scheduling order with respect to the Ruger LCP II .22 caliber pistol, bearing serial number 380807343, identified above. Dkt. No. 86 at 1–2; *see* Dkt. No. 81 at 14.

The Court, having reviewed the Government's motion, Dkt. No. 86, as well as the other papers and pleadings filed in this matter, including Ms. Gonzales' amended claim, Dkt. No. 81, hereby finds entry of an order setting a discovery schedule and a motions deadline is appropriate.

Accordingly, the Court HEREBY ORDERS:

1. The Government's motion, Dkt. No. 86, is GRANTED;

2. The Government and Andre'a Gonzales may engage in discovery related to Ms. Gonzales' asserted interest in the Ruger LCP II. The discovery period closes on November 12, 2024;

3. Thereafter, the parties shall file any dispositive motions no later than January 11, 2025;

4. If necessary, an evidentiary hearing will be scheduled and held as to Ms. Gonzales' claim to the Ruger LCP II after resolution of dispositive motions.

5. The United States shall serve this Order on Andre'a Gonzales via certified mail and file proof of service with the Court no later than August 7, 2024.

The Court also notifies Ms. Gonzales that to file motions, responsive briefing, or other appropriate submissions with the Court, she may either (1) mail them to the Court at U.S. District Court, 700 Stewart Street, Seattle, WA, 98101 with the case number for this case (2:22-cr-187-LK) on all documents, or (2) sign up to file electronically by contacting the CM/ECF Support Team and following their instructions. Ms. Gonzales can reach the CM/ECF Support Team by phone at (206) 370-8440, option # 2; or by email at cmecf@wawd.uscourts.gov.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motions, Dkt. Nos. 84, 86.

Dated this 31st day of July, 2024.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO DISMISS THIRD-PARTY CLAIMS AND MOTION FOR SCHEDULING ORDER TO GOVERN THIRD-PARTY CLAIM - 6